PENDLETON, President,
delivered the resolution of the court as follows:
This was an action of detinue for slaves brought in the county court. Upon the trial of thé cause, the defendant filed a bill of exceptions, which states, that the plaintiff offered, in evidence to the jury, the depositions of sundry witnesses, to prove a parol gift of the slaves demanded; and that the defendant excepted to the testimony, alleging that no gift of slaves was good, since the passing of the act of assembly in 1758, entitled “an act to prevent the fraudulent gift of slaves,” unless the same was by will or deed in writing, attested by two witnesses, and recorded within eight months, as that act directs; but that the court overruled the exception, and allowed the depositions to go in evidence to the jury. There was a verdict and judgment for the plaintiff in the county court. The district court affirmed that judgment; and the defendant has appealed to this court.
Under the act of 1758, referred to in the bill of exceptions, no doubt could arise in the present case. Eor that statute annuls parol gifts of slaves made subsequent to the time of passing it; and consequently evidence of verbal gifts was, by that law, rendered wholly inadmissible.
But an act, declaring what shall be the construction of that of 1758, passed in the year 1787; and does, it is contended, enjoin that such gifts, at what time soever made, if ^accompanied with possession, shall be regarded as effectual upon all trials.
This brings us to consider, whether the last act was prospective only, and meant to operate on none but future cases; orrestro-spective also, and intended to embrace those which happened before, likewise. For if it was the first, it is admitted that it does not apply to the case before the court; but, if the latter, then the question occurs, whether it would be obligatory as to cases anterior to the passing of the hew law? And that question involves an enquiry into the different powers of legislators and judges.
It is the business of legislators to make the laws; and of the judges to expound them. Having made the law, the legislative have no authority afterwards to explain its operation upon things already done under it. They may amend as to future cases, but they cannot prescribe a rule of construction, as to the past. For a legislative interpretation, changing titles founded upon existing statutes, would be subject to every objection which' lies to ex post facto laws, as it would destroy rights already acquired under the former statute, by one made subsequent to the time when they became vested. A power to be deprecated, as oppressive and contrary to the principles of the constitution.
The court is therefore unanimously of opinion, that thé act of 1787 operates prospectively only; and that it does' not affect cases which happened before the passing of it.
Thé practice, under' the act of 1727, furnishes a strong illustration upon this subject. For that act, in express terms, declares how the act of 1705 shall be expounded ; and yet never has been construed to relate back, and affect rights previously acquired under the last mentioned statute.
The judgment therefore is to be reversed, and the following is to be the entry:
“The court is of opinion that there is error in the judgment of the county court in admitting the appellee to give evidence of a parol gift of the slaves in dispute, supposed to have been made by Joseph Turner, the father, to his son *Sampson Turner, the testator of the ap-pellee; since, if such gift was really made, it being subsequent to the year 1758, no estate in the slave passed to the said Sampson thereby, for want of a deed or will in writing, according to the act of assembly, passed in the year 1758, intituled ‘an act' to prevent the fraudulent gift of slaves;’ and although it should appear, that the gift, in this case, was such as was meant to be declared valid, either by the act passed in the year 1785, intituled ‘an act to prevent frauds and perjuries,’ or the act passed in the year 1787, intituled ‘an act to explain and amend the acts for preventing fraudulent gifts of slaves,’ yet the proof, in the present case, was inadmissible, and the gift void, both of those acts being prospective in their operation, and not retrospective of cases happening before, especially as to this supposed gift on which the suit was commenced, in 1783, and that the judgment aforesaid of the district court is erroneous. Therefore it is considered that the judgment of the said district court be reversed and annulled; and this court proceeding to give such judgment as the said district court ought to have given, it is *713 further considered that the judgment aforesaid of the said county court be also reversed and annulled: and it is ordered, that the jurors’ verdict be set aside, that a new trial be had between the parties, in which no evidence is to be admitted to prove a gift of the slaves in dispute, except a deed in writing or last will, as is required by the said act of assembly, passed in the year 17S8.”